# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EMANUEL JEFFERIES, et al., <br>      Plaintiff(s), <br>v. <br>BARBAROSA FOODS LTD, et al., <br>      Defendant(s). | Case No. 2:24-cv-01224-RFB-NJK <br><br>**ORDER** |

Pending before the Court is an order to show cause why this case should not be dismissed or transferred to the District of Utah. Docket No. 5.[1] Plaintiffs were ordered to respond by July 24, 2024, *see id.* at 2, but no response was filed.

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

---

[1] The Court addresses herein only venue issues and expresses no other opinion regarding the case.

1

The case originates out of alleged racial discrimination at fast food establishments in Utah. *See* Docket No. 2-1.[2] The complaint does not allege that all Defendants reside in this state. *See* Docket No. 2-1 at 2. Moreover, while Plaintiffs appear to now live in Nevada, there is no indication that any part of the alleged events occurred in Nevada and the only geographical references in the complaint relate to Utah. *See, e.g.*, Docket No. 2-1 at 6-7. Lastly, it appears that Utah is a proper venue for the case.

Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the District of Utah and that this case be closed.[3]

IT IS SO ORDERED.

Dated: July 29, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] An order transferring a case to another federal jurisdiction is a nondispositive matter that is within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See in re U.S. Dept. of Ed.*, 25 F.4th 692, 698-99 (9th Cir. 2022).