UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMANUEL JEFFERIES; and LAMONT JEFFERIES,<br><br>Plaintiffs,<br><br>v.<br><br>BARBAROSA FOODS LTD; and WENDY'S INTERNATIONAL, INC.,<br><br>Defendants. | REPORT AND RECOMMENDATION TO:<br><br>(1) GRANT IN PART AND DENY IN PART THE MOTION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (DOC. NO. 2);<br><br>(2) DISMISS LAMONT JEFFERIES' CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B); AND<br><br>(3) PERMIT EMANUEL JEFFERIES TO FILE A SIGNED COMPLAINT AND PAY THE FILING FEE<br><br>Case No. 2:24-cv-00543<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

On July 8, 2024, this case was commenced in the District of Nevada with the filing of a complaint[1] and a motion to proceed without paying the filing fee.[2] The complaint and motion identify the plaintiffs as Lamont Jefferies and Emanuel Jefferies (Lamont's adult son), but both documents are signed only by Lamont and were filed

---

[1] (Compl., Doc. No. 2-1.)

[2] (Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs ("Mot."), Doc. No. 2.)

1

without an attorney (pro se).[3]  The complaint alleges Emanuel's civil rights were violated by his former employer, a Wendy's restaurant.[4]

Soon after the case was commenced, it was transferred to the District of Utah.[5] This court ordered the plaintiffs to supplement the motion to proceed without paying the filing fee, noting the motion provided insufficient information regarding Lamont's income and was not signed by Emanuel.[6]  Specifically, the court ordered each plaintiff to file a separate motion to waive the filing fee, using the District of Utah's form motion, by August 19, 2024.[7]  On August 8, 2024, a supplemental fee waiver motion was filed (using the District of Utah's form motion), again signed only by Lamont.[8]  The deadline to supplement has passed, and no other documents have been filed by the plaintiffs to date.

For the reasons explained below, the undersigned[9] makes the following recommendations to the district judge:

---

[3] (*See* Compl. 1, 5, Doc. No. 2-1; Mot. 1–2, Doc. No. 2.)  Because the plaintiffs have the same surname, first names are used in this order, for clarity.

[4] (*See* Compl. 3–5, Doc. No. 2-1.)

[5] (*See* Order, Doc. No. 6.)

[6] (*See* Order to Suppl. Mot. to Proceed Without Paying the Filing Fee, Doc. No. 9.)

[7] (*Id.* at 2.)

[8] (Mot. to Proceed in Forma Pauperis (Nonincarcerated Party), Doc. No. 10.)  The supplemental motion contains only one signature, with no printed name below the signature line.  However, the signature appears to match the signature on the original motion to proceed without paying the filing fee, which identifies the signer as Lamont. (*See* Mot. 2, Doc. No. 2.)

[9] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 11.)

1) The motion to proceed without paying the filing fee[10] should be granted as to Lamont and denied as to Emanuel.

2) Lamont should be dismissed from the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

3) Emanuel should be given thirty days to refile the complaint with his own signature and pay the filing fee. If he does not do so, the case should be dismissed without prejudice.

Each recommendation is addressed in turn below.

### I. Motion to Proceed Without Paying the Filing Fee

Under 28 U.S.C. § 1915, a federal court may authorize commencement of an action without prepayment of fees by a person who is unable to pay such fees.[11] To qualify for a fee waiver under § 1915, a party must show a financial inability to pay the required filing fee.[12] The District of Utah's local rules provide "a party's total monthly income must be equal to or below 200% of the United States poverty guideline" to qualify.[13] The District of Utah's form motion does not require a party to provide specific income information if the party certifies that he or she receives SNAP, Medicaid, SSI, or

---

[10] (Doc. No. 2.)

[11] 28 U.S.C. § 1915(a)(1).

[12] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[13] DUCivR 3-2(a)(1)(A). The local civil rules are available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf.

is represented by a lawyer from a legal aid organization—based on the inference that the income requirement is met in these circumstances.[14]

In his supplemental motion, Lamont checked boxes on the form certifying he receives SSI and is represented by a lawyer from a legal aid organization. Lamont is not represented by a lawyer from a legal aid organization (or any lawyer) in this case. Nevertheless, based on his receipt of SSI, Lamont qualifies for waiver of the filing fee. Emanuel, however, did not sign the original fee waiver motion and failed to file a supplement as ordered. Thus, Emanuel has not demonstrated he qualifies for waiver of the filing fee.

Ordinarily, "[w]hen multiple plaintiffs are joined in an action, each plaintiff must demonstrate that they are unable to pay the filing fee though only one fee is required in any case."[15] Thus, if one plaintiff has the means to pay the filing fee, the court will deny a fee waiver to all plaintiffs.[16] However, it is not apparent this action was ever properly commenced by Emanuel as a plaintiff. Emanuel did not sign the complaint or fee waiver motion (or any other filings in this case).[17] And Lamont, as a non-attorney,

---

[14] *See* District of Utah's Form "Motion to Proceed In Forma Pauperis (Nonincarcerated Party)," available at https://www.utd.uscourts.gov/usdc-forms.

[15] *Coosa Nation of N. Am. United States ex rel. Tate v. Butts Cty.*, No. 5:18-cv-00471, 2019 U.S. Dist. LEXIS 252184, at *3 (M.D. Ga. Feb. 4, 2019) (unpublished).

[16] *See id.*

[17] *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

cannot bring claims on behalf of Emanuel.[18]  Even if Emanuel were a minor, Lamont could not bring claims on his behalf without an attorney.[19]  But it is apparent, based on attachments to the complaint, that Emanuel was an adult when this case was filed.[20]

Further, if Lamont is granted a fee waiver, his claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint must be dismissed for failure to state a claim.  As explained below, Lamont fails to state any claim for relief on his own behalf.  Thus, Lamont's claims are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) if a fee waiver is granted for him.[21]

Under these circumstances, the undersigned recommends the motion to proceed without paying the filing fee[22] be granted in part and denied in part.  Based on the information in the supplemental motion,[23] the fee waiver motion should be granted as to Lamont and his claims should be screened (and dismissed) under 28 U.S.C. § 1915(e)(2)(B).  The fee waiver motion should be denied as to Emanuel, where he

---

[18] See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

[19] See Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

[20] Attached to the complaint is a demand letter dated May 6, 2024 (before this case was filed), which states Emanuel "is now an adult."  (Doc. No. 2-1 at 6–7.)

[21] See 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that where a fee waiver is granted, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").

[22] (Doc. No. 2.)

[23] (Doc. No. 10.)

failed to sign it or supplement it as ordered. As set forth below, if Emanuel seeks to proceed with this case as a plaintiff, he should be required to refile the complaint with his own signature and pay the filing fee.

## II. 28 U.S.C. § 1915 Screening of Lamont's Claims

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[24] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[25] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[26] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[27] But the court need not accept a plaintiff's conclusory allegations as true.[28] "[A] plaintiff must offer specific factual allegations to support each claim."[29]

Because Lamont proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by

---

[24] 28 U.S.C. § 1915(e)(2)(B)(ii).

[25] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[26] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[27] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[28] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[29] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

lawyers."[30]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[31]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[32]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[33] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[34]

    Here, the complaint alleges Emanuel's civil rights were violated by his former employer, a Wendy's restaurant, when Emanuel was seventeen years old.[35]  Specifically, it alleges the restaurant discriminated against Emanuel on the basis of race and color when his manager called him a racial epithet and other employees used the

---

[30] *Hall*, 935 F.2d at 1110.

[31] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[32] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[33] *Hall*, 935 F.2d at 1110.

[34] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[35] (*See* Compl. 3, Doc. No. 2-1; Attach. to Compl., Letter dated May 6, 2024, Doc. No. 2-1 at 6 (stating Emanuel was seventeen years old during his employment).)  Attachments to the complaint may be considered in determining whether the complaint states a plausible claim for relief.  *See Smith*, 561 F.3d at 1098.

same word around him.[36]  The complaint also alleges an employee printed a racist term on Emanuel's receipt when he purchased food from the restaurant as a customer.[37]

While these allegations might, potentially, give rise to claims by Emanuel,[38] they fail to state a plausible claim for relief by Lamont.  As noted above, Lamont, as a non-attorney, cannot bring claims on behalf of Emanuel.[39]  And the complaint lacks any allegation that Lamont himself was discriminated against or otherwise harmed by the defendants.  Where the events alleged in the complaint involve discrimination only against Emanuel (who was an adult at the time of filing), Lamont cannot bring any plausible claim for relief based on these events, and it would be futile to give him an opportunity to amend.[40]

For these reasons, the undersigned recommends Lamont be dismissed as a plaintiff pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[36] (*Id.* at 4.)

[37] (*Id.*)

[38] For example, Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race and color.  *See* 42 U.S.C. § 2000e-2(a).  But note: this report and recommendation does not address whether the allegations in the complaint are sufficient to state a plausible claim for relief by Emanuel under Title VII, or any other cause of action.

[39] *See Fymbo*, 213 F.3d at 1321.

[40] *See Kay*, 500 F.3d at 1217 ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (internal quotation marks omitted)).

### III. Requirements for Emanuel to Proceed with this Case

The District of Utah's local rules provide that if a motion to proceed without paying the filing fee is denied, the party "will have thirty days from the date of the order to submit the required fee."[41]  Therefore, if the district judge follows the undersigned's recommendation to deny the fee waiver motion as to Emanuel, the undersigned recommends Emanuel be given thirty days from the date of the district judge's order to pay the filing fee.  Additionally, because all pleadings must be signed by a pro se party,[42] the undersigned recommends Emanuel also be required to refile the complaint with his own signature within thirty days, if he seeks to proceed with this case.  If he does not do so, the case should be dismissed without prejudice.

## RECOMMENDATION

The undersigned makes the following recommendations to the district judge:

1) The motion to proceed without paying the filing fee[43] should be granted as to Lamont Jefferies and denied as to Emanuel Jefferies.

2) Lamont Jefferies should be dismissed from the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

3) Emanuel Jefferies should be given thirty days to refile the complaint with his own signature and pay the filing fee.  If he does not do so, the case should be dismissed without prejudice.

---

[41] DUCivR 3-2(a)(1)(D).

[42] *See* Fed. R. Civ. P. 11(a).

[43] (Doc. No. 2.)

The court will send this Report and Recommendation to Emanuel Jefferies and Lamont Jefferies, who are notified of their right to object to it.  The clerk's office is directed to send it via (1) mail to the address listed on the first page of the complaint, and (2) email to both email addresses listed on the first page of the complaint.  Any objection must be filed within fourteen days of service.[44]  Failure to object may be considered a waiver of objections.

DATED this 3rd day of September, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[44] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).